## Kellyville Coal Co. v. Mariyona Petraytis.

95    635
a195s 215

1.  ALIENS—*Right of Non-Resident Aliens to Maintain Suits in this State.*—A non-resident alien may maintain a  suit in the courts of  this State under the "miners act" (R. S. Chap. 93), for damages sustained by reason of the willful failure of the proprietor of a coal mine to comply with the provisions of the act.

Trespass on the Case, under the miners act.   Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding.   Heard in this court at the November term, 1900. Affirmed.   Opinion filed June 10, 1901.

EVANS & McDOWELL, attorneys for appellant.

GEO. T. BUCKINGHAM, attorney for appellee.

MR. PRESIDING JUSTICE HARKER delivered the  opinion of the  court.

Appellee, a resident of Russia, sued appellant to recover damages resulting to her from the death of her son, Antone

Petraytis, who was killed by falling rock while working in appellant's coal mine. In her declaration she alleges that she was dependent upon her son for support and that appellant was responsible for his death because of its failure to provide props and timbers necessary to support the roof of the mine where he was working, and because of its failure to have an inspection of the mine made and the dangerous places properly designated as required by statute. She recovered a judgment of $1,650.

The deceased was killed by the falling upon him of a large rock, dependent from the roof of the mine where he was working. The fall of the rock was caused by insufficient props to support it. The evidence shows a willful failure on the part of appellant to perform statutory duty. On two different days prior to the accident, it was called upon by deceased and his " buddy" to provide timbers for props and caps to support the roof, but failed to supply them. The statute imposed upon appellant the duty of having a daily inspection of its mine for the purpose of discovering dangerous conditions, and prohibited it from allowing its workmen to enter the mine until after the inspector had reported the condition safe. Deceased was permitted to enter the room and work where he was killed when no inspection had been made of it for three days.

Appellant contends that appellee is a non-resident alien and therefore incompetent to maintain the suit. The evidence shows that appellee is a resident of Russia and has been all her life; but that does not necessarily make her an alien. For aught that appears in the record, she may be the daughter of a father who was a citizen of the United States at the time of her birth. However, we do not desire to base a holding of her right to sue upon the sufficiency of the proof of her alienage. We prefer to hold that, although an alien, she is entitled to recover if her dependency upon her deceased son for support and his death from alleged wrongful acts of appellant appear from the evidence. We are apprised that a contrary rule has been held in Pennsylvania, but the holding there does not accord with the liberal spirit of our laws toward the subjects of

other countries.  Section 7 of chapter 6 of the Illinois Revised Statutes reads :

" All aliens may acquire and hold personal property in the same manner and to the same extent as natural born citizens of the United States, and the personal estate of an alien dying intestate shall be distributed in the same manner as the estates of natural born citizens, and all persons interested in such estates shall be entitled to proper distributive shares thereof, under the laws of this State, whether they are aliens or not."

Appellant further contends that the evidence fails to show that appellee was dependent upon the deceased for support.

It does show that prior to his leaving Russia he was her sole support, that she was then and is now a widow, that before coming to America she exacted a promise from him that he would continue his support of her, and that since coming here he has sent her money.  We regard the proof as abundant on that score.

We are able to see no prejudicial error either in giving or refusing instructions.

Judgment affirmed.